UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALY ABDELSALAM, individually and on behalf of others similarly situated, | |
| Plaintiff, | Case No.: |
| -against- | |
| NEW DIAMOND CAFÉ LLC, d/b/a/ DANNY'S GOURMET and JI SOO CHOE | **COMPLAINT** |
| Defendants. | **Collective Action and Class Action Complaint** |

Plaintiff ALY ABDELSALAM individually and on behalf of other similarly situated employees by and through his attorneys, SERRINS FISHER LLP, allege against Defendants NEW DIAMOND CAFÉ LLC, d/b/a/ DANNY'S GOURMET ("Danny's") or the "Corporate Defendant"), and JI SOO CHOE ("Choe" or the "Individual Defendant")(the Corporate Defendant and Individual Defendant are collectively "Defendants") as follows:

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 201 *et seq.* (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## THE PARTIES

3.      Upon information and belief, Defendant Danny's is a domestic limited liability company previously organized and existing under the laws of the State of New York and maintains its principal place of business at 226 West 47th St., New York, NY 10036.

4.      Upon information and belief, at all times relevant hereto, the Corporate Defendant has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

5.      Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

6.      Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

7.      At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

8.      Upon information and belief, Defendant Choe resides in the State of New York and is an owner, manager and/or employee of the Corporate Defendant.

9.      Upon information and belief, the Corporate Defendant is the owner of Danny's Gourmet ("Restaurant"), which is engaged in the business of serving food and drink to customers and is located at 226 West 47th St., New York, NY 10036.

10.      Defendants employ cooks, food preparers, grillmen, helpers, and other employees performing similar duties.

11.     Defendant Choe is a member and, upon information and belief, an officer of Danny's.

12.     Defendant Choe possesses the authority to hire and fire employees, supervise their work schedules, set their rates of pay and maintain payroll records.

13.     In particular, Defendant Choe hired and fired Plaintiff and set his schedule and rate of pay.

14.     Defendant Choe approves the payroll practices for Defendants' employees, including Plaintiff.

15.     Defendant Choe possesses operational control over the Corporate Defendant and its employees through his financial control over the Corporate Defendant.

16.     Plaintiff has been employed by Defendants to work as a grillman and in other positions at the Restaurant within the last six (6) years.

17.     The Individual Defendant is engaged in business in the City of New York, County of New York.  He is sued individually in his capacity as an owner, officer, employee, and/or agent of the Corporate Defendant.

18.     Defendant Choe exercises sufficient operational control over the Corporate Defendant's operations to be considered Plaintiff's employer under FLSA and New York State Labor Law ("NYLL").

19.     Defendant Choe, as one of the ten largest shareholders of the Corporate Defendant, is individually responsible for unpaid wages under the New York Business Corporation Law (**Exhibit 1**).

20.     At all relevant times, Defendants have been Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

## NATURE OF THE ACTION

21.    Plaintiff brings this action (a) pursuant to the FLSA and the regulations thereto on behalf of himself and other similarly situated employees who were employed by Defendants within three (3) years before the filing of the instant Complaint; and (b) pursuant to the NYLL (§ 650 *et seq.*) and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 141 *et seq.* on behalf of himself and other similarly situated employees who worked on or after the date that is six (6) years before the filing of the instant Complaint, based upon the following acts and/or omissions which Defendants committed:

i.    Defendants' failure to pay overtime compensation required by federal and state law and regulations to Plaintiff, who worked in excess of forty (40) hours per week;

ii.    Defendants' failure to reimburse Plaintiff for his uniform purchase;

iii. Defendants' failure to provide Plaintiff with spread-of-hours payments under 12 NYCRR 146-1.6; and

iv. Defendants' failure to provide Plaintiff with a wage notice and proper paystubs as required by NYLL § 195.

22.    Plaintiff also brings a claim for retaliation under the FLSA's retaliation provision, 29 U.S.C. §215, and the NYLL's retaliation provision, NYLL §215.

23.    Additionally, Plaintiff brings a claim regarding Defendants' practice of religious, national origin, disability and age discrimination in the terms, conditions, and privileges of Plaintiff's employment in violation of New York City Human Rights Law, New York City Administrative Code § 8-101 *et seq.* ("NYCHRL").    Plaintiff also brings claims under the NYCHRL for failure to provide a reasonable accommodation and for retaliation for requesting a reasonable accommodation.

24.     Plaintiff also brings a claim for assault and battery.

25.     Pursuant to § 8-502(c) of the NYCHRL, within ten days of the filing this Complaint with the Court, Plaintiff will serve a copy of this Complaint on the New York City Commission on Human Rights and on the Corporation Counsel for the City of New York.

26.     Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the FLSA and NYLL, as detailed in this Complaint.

## FACT ALLEGATIONS

### I.     Defendants' Wage and Hour Violations.

27.     At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiff has been and continues to be economically injured.

28.     Defendants have maintained a policy and practice to not pay Plaintiff and other similarly situated employees in accordance with federal and New York State law.

29.     Defendants maintain a workforce of cooks, food preparers, grillmen, helpers, and other positions, all of whom are paid in violation of federal and New York State laws.

30.     Defendants have maintained a policy and practice of failing to pay overtime compensation required by federal and New York State law and regulations to Plaintiff and other similarly situated employees who worked in excess of forty (40) hours per week.

31.     Defendants have maintained a policy and practice of denying Plaintiff and other similarly situated employees reimbursement for uniform purchases.

32.     Defendants have maintained a policy and practice of failing to provide Plaintiff and other similarly situated employees with proper wage notices and paystubs.

33.     Defendants have maintained a policy and practice of failing to pay Plaintiff and other similarly situated employees an extra hour of pay when they worked a span of hours that exceeded ten (10) hours in a single day.

## A. Plaintiff's Schedule and Pay.

34.     Defendants hired Plaintiff in March 2014 to work on the grill and to perform other work, and he continued to work until Defendants' unlawfully terminated him on June 19, 2015.

35.     Throughout his employment, Plaintiff regularly worked 6 days a week and worked extensive overtime hours.

36.     Plaintiff worked Sunday through Friday.

37.     At the beginning of his employment, Plaintiff worked from 9:00 a.m. until 7:00 p.m. on Monday through Friday and 7:00 a.m. until 7:00 p.m. on Sunday.

38.     On and about April 2014, Plaintiff's schedule changed and he began to work 7:00 a.m. until 7:00 p.m. on all six days.

39.     In August 2014, Plaintiff's schedule again changed and he began to work 8:00 a.m. until 7:00 p.m. on Monday, Wednesday and Friday and 7:00 a.m. until 7:00 p.m. on Tuesday, Thursday, and Sunday.

40.     In June 2015, Defendants cut Plaintiff's hours in response to his complaint about not being paid proper overtime.

41.     Throughout Plaintiff's employment he regularly stayed later than the end of his schedule.

42.     For this work, Defendants paid Plaintiff $10 an hour, mostly in cash.

43.     Defendants never paid Plaintiff for his extensive overtime hours at time-and-a-half of his regular rate of pay.

44.     As such, Defendants violated both the federal Fair Labor Standard Act and the New York Labor Law by failing to pay Plaintiff at the proper rate of time-and-a-half for his overtime hours.

## B. Wage Violations Affecting Plaintiff.

### 1. Overtime Violations

45.     Although Plaintiff regularly worked more than 40 hours each week, Defendants never paid him for his overtime work, either at his regular rate or at an overtime premium of 150% of his regular rate

### 2. Notice and Recordkeeping Violations

46.     Defendants failed to provide Plaintiff with a wage notice or proper paystubs in compliance with NYLL § 195.

47.     Defendants did not provide Plaintiff with a notice specifying his actual hourly rate of pay, the basis of pay, allowances (if any) claimed against the minimum wage (e.g., tips, meals, lodging, etc.), or the identification of the regular pay day.

48.     Defendants also did not provide Plaintiff with a paystub specifying his actual hourly rate of pay, regular and overtime hours he worked, or the other information required under NYLL § 195.

49.     Instead, Defendants provided Plaintiff with a paystub that significantly misstated the number of hours he worked and his rate of pay.

50.     Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

### 3. Spread of Hours

51.     Defendants failed to provide Plaintiff with spread-of-hours payments in accordance with 12 NYCRR 146-1.6 for each day he worked ten or more hours.

**II.     <u>Discrimination and Hostile Work Environment Against Plaintiff Due to His National Origin, Age, and Religion.</u>**

52.     Plaintiff is a fifty-three year old Egyptian Muslim.

53.     Defendants treated Plaintiff and other Egyptian Muslim employees worse than similarly situated Hispanic employees because of their religion and national origin.

54.     In particular, Defendant Choe regularly mocked Muslims, particularly their prayers.

55.     For example, Plaintiff and other Muslim employees regularly prayed during their break time.

56.     Prior to praying, Plaintiff and other Muslim employees would engage in ritual washing in preparation for the prayers.  When Defendant Choe would see Plaintiff washing or praying, he would generally mock Plaintiff's prayers by making exaggerated hand motions.

57.     In addition, whenever the individuals at the Restaurant would discuss any act of violence around Manhattan, Defendant Choe would blame Muslims and would "remind" the Muslim employees that all Muslims and Arabs are terrorists.

58.     In addition, Defendant Choe informed Plaintiff and other Muslim employees during Ramadan, when they were fasting, that he was glad he could save money by not paying for Plaintiff and other Muslim employees' meals.

59.     Defendant Choe also regularly referred to Plaintiff as old.  When employees came late, Defendant Choe would often direct Plaintiff to perform their work.

60.     When Plaintiff explained to Defendant Choe that he could not perform multiple employees' work, Defendant Choe would often tell Plaintiff that he is too old and needed to look for another job.

61.     Defendant Choe also regularly advised Plaintiff and other Egyptian Muslim employees that Defendants wished to terminate them and replace them with Hispanic employees.

62.     In particular, Defendant Choe would tell Plaintiff that Muslims and Arabs are too picky about their money, which Plaintiff understand to mean that they cared about being paid properly, and that he wanted to replace the Muslims and Arabs on the workforce with Hispanic employees, who were less likely to complain about Defendants' unlawful pay policies.

63.     Defendants engaged in this conduct purposely and with intent to harm Plaintiff and similarly situated employees.

### III.    Defendants' Retaliation Against Plaintiff Because of His Complaints About Defendants' Unlawful Payroll Practices and Assault and Battery.

64.     Defendants also unlawfully terminated Plaintiff's employment because he complained about not getting paid proper overtime pay and further because of his national origin, age, and religion.

65.     Plaintiff repeatedly complained to Defendant Choe about not receiving proper overtime payment.

66.     In early June 2015, Plaintiff again complained to Defendant Choe about not receiving proper overtime pay.

67.     In response Defendant Choe cut his hours.

68.     On Monday, June 15, 2015, Plaintiff further complained to Defendant Choe that Defendant Choe he had cut his hours in retaliation for his complaint about not getting paid proper overtime pay.

69.     In response Tse [LNU], the assistant manager, threatened Plaintiff with physical violence.  Tse further advised Plaintiff that he had been in jail and could hurt him.

70.     When Plaintiff complained to Defendant Choe about Tse's conduct, Defendant Choe told Plaintiff that he could find another job if he was not happy.

71.     Tse continued to threaten Plaintiff throughout the week.

72.     On Friday, June 19, 2015, Defendant Choe, along with Tse, threatened Plaintiff with physical violence.

73.     Defendant Choe also told Plaintiff to "shut up" and when Plaintiff responded, Defendant Choe fired him.

74.     In addition, Defendant Choe engaged in an assault and battery of Plaintiff during Defendants' unlawful termination.

75.     Tse and Defendant Choe physically grabbed Plaintiff and threatened to throw him out of the Restaurant.

76.     In response, Plaintiff changed his clothing and left the Restaurant.

**IV.     Discrimination and Retaliation Against Plaintiff Due to His Disability, and Defendants' Failure to Provide Him With a Reasonable Accommodation.**

77.     Defendants also failed to reasonably provide Plaintiff with an accommodation that would have allowed him to perform his work.

78.     Prior to his employment with Defendants, Plaintiff suffered a leg injury when working at another restaurant.

79.     The leg injury prevented him from standing for long periods of time.

80.     As a grillman, Plaintiff's job duties required him to stand for hours straight while cooking.

81.     Standing for long hours caused Plaintiff significant pain in his legs.

82.     Plaintiff repeatedly requested that Defendants provide him with a reasonable accommodation of soft mats on which he could stand while performing his work.

83.     Defendant Choe unlawfully summarily rejected his requests without engaging in any interactive process.

### Collective Action Allegations.

84.     Defendants' violations of the FLSA and NYLL extend beyond the Plaintiff to all other similarly situated employees.

85.     Plaintiff seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated current and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

86.     Upon information and belief, there are at least 40 current and former cooks, food preparers, grillmen, helpers, and other employees performing similar duties who have been denied overtime compensation while working for Defendants.

87.     At all relevant times, Plaintiff and others who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay the statutorily required minimum wage for all hours worked, willfully failing and refusing to pay the statutorily required overtime compensation for hours worked in

excess of forty (40) per workweek, and willfully failing to keep records required by the FLSA. Plaintiff's claims stated herein are similar to those of other employees.

88.     Similarly situated former and current employees are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### Class Action Allegations Under Fed. R. Civ. P. 23(b)(3) for Violations of the NYLL.

89.     Plaintiff brings this action collectively on behalf of himself and other similarly situated employees who did not receive compensation required by the NYLL in respect to their work for Defendants and who have worked for the Defendants as cooks, food preparers, grillmen, helpers, and in other similar positions on or after the date that is six (6) years before the filing of the instant Complaint.

90.     Upon information and belief, this class of persons consists of not less than 40 persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed.R.Civ.P.23(a)(1).

91.     There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, specifically: whether employment of Plaintiff by Defendants is subject to jurisdiction and wage and overtime requirements of the NYLL.

92.     The claims of Plaintiff are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of Defendants.

93.     Plaintiff will fairly and adequately protect the interests of the members of the class, in that his interests are not adverse to the interests of other members of the class.

94.     A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23(b)(3).

95.     Plaintiff brings the second through sixth claims for relief herein on behalf of himself and all other persons similarly situated as a class action pursuant to Fed.R.Civ.P. 23, in respect to all claims that Plaintiff and all persons similarly situated have against Defendants as a result of Defendants' violations of NYLL.

### FIRST CLAIM FOR RELIEF
### (Overtime Wage Violations under the FLSA against all Defendants)

96.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

97.     Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

98.     At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff and others similarly situated at one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

99.     Plaintiff seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (Overtime Wage Violations under NYLL against all Defendants)

100.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

101.    New York law prohibits an employer from permitting an employee to work without paying overtime wages of 150% of his or her regular rate for all hours worked in excess of forty (40) in any workweek.

102.    Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff and others similarly situated at the required overtime rates, one and a half times their regular rate of pay, for hours worked in excess of forty (40) per workweek.

103.    As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and others similarly situated have sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (NYLL Failure to Notify against all Defendants)

104.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

105.    Pursuant to §195(1) of the NYLL, within ten business days of Plaintiff and other similarly situated employees' hiring, Defendants were obligated to provide them with a notice describing, *inter alia*, their hourly regular and overtime rates of pay.

106.    Pursuant to §195(3) of the NYLL, Defendants are obligated to provide Plaintiff and other similarly situated employees with a wage statement, along with their pay, that specified their rate of pay, their hours worked, and the pay period.

107.    Defendants failed to provide Plaintiff and other similarly situated employees with a notice or proper paystub in accordance with §195 of the NYLL.

108.    As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and other similarly situated employees have sustained damages and seek damages in accordance with §195 of the NYLL for each week Defendants failed to provide such notice and paystubs, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (NYLL Uniform Violations against all Defendants)

109.    Plaintiff repeats and realleges the previous paragraphs as if fully set forth herein.

110.    Pursuant to 12 N.Y.C.R.R. 146-1.7 and 1.8, Defendants were obligated to reimburse Plaintiff and other similarly situated employees for the expenses they incurred in purchasing uniforms.

111.    Defendants failed to reimburse Plaintiff and other similarly situated employees.

112.    As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and other similarly situated employees have sustained damage and seek recovery for unlawfully failing to compensate Plaintiff and other similarly situated employees' uniform purchases in an amount to be determined at trial, attorneys' fees, costs,

liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
### (NYLL Spread-of-Hours against all Defendants)

113.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

114.    Pursuant to 12 NYCRR 146-1.6, Defendants had an obligation to compensate Plaintiff for one hour's pay at the minimum wage for each hour he worked in excess of 10 hours in a given day.

115.    Although Plaintiff and other similarly situated employees worked more than 10 hours each day, Defendants failed to compensate Plaintiff and other similarly situated employees for one hour's pay at the minimum wage.

116.    As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and other similarly situated employees have sustained damage and seeks recovery for unpaid spread-of-hours payments in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## SIXTH CLAIM FOR RELIEF
### (New York Labor Law Retaliation Against all Defendants)

117.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

118.    New York State Labor Law § 215 prohibits an employer from terminating or disciplining an employee because" such employee has made a complaint to his or her employer,

or to the commissioner or his or her authorized representative, or to the attorney general or any other person, that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter."

119.    In committing the above-mentioned retaliatory acts, Defendants have discharged and retaliated against Plaintiff for making a complaint that Defendants violated the NYLL.

120.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damage and seeks recovery for retaliation in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 215 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## SEVENTH CLAIM FOR RELIEF
### (FLSA Retaliation against all Defendants)

121.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

122.    29 U.S.C. § 215 prohibits employers from "discharg[ing] or in any other manner discriminat[ing] against . . . any employee because such employee has filed any complaint or instituted . . . any proceeding under or related to this chapter."

123.    In committing the above-mentioned retaliatory acts, Defendants have discharged and retaliated against Plaintiff for making a complaint that Defendants violated the FLSA.

124.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damage and seeks recovery for retaliation in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided

by FLSA § 216 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## EIGHTH CLAIM FOR RELIEF
### (NYCHRL Violations for Religion, Age and Race Discrimination Against all Defendants)

125.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

126.    The NYCHRL makes it unlawful to use a person's religion, age, or national origin as a basis to "discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

127.    By the acts and practices described above, Defendants discriminated against Plaintiff in terms, conditions or privileges of employment.

128.    Defendants knew their actions constituted unlawful discrimination.  Thus, Defendants willfully disregarded Plaintiff's statutorily protected rights.

129.    Plaintiff is now suffering mental anguish, pain, suffering and monetary damages as a result of Defendants' discrimination and unlawful harassment under the NYCHRL.

## NINTH CLAIM FOR RELIEF
### (NYCHRL Violations for Failure to Provide a Reasonable Accommodation for a Disability Against All Defendants)

130.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

131.    The NYCHRL requires an employer to reasonably accommodate his or her employees' disability.

132.    By the acts and practices described above, Defendants failed to accommodate Plaintiff's disability and/or impairment.

133.    Defendants knew their actions constituted unlawful discrimination.  Thus, Defendants willfully disregarded Plaintiff's statutorily protected rights.

134.    Plaintiff is now suffering mental anguish, pain, suffering, and monetary damages as a result of Defendants' discrimination and unlawful harassment under NYCHRL.

## TENTH CLAIM FOR RELIEF
**(NYCHRL Violations for Disability Discrimination Against all Defendants)**

135.    Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

136.    By the acts and practices described above, Defendants discriminated against Plaintiff by terminating his employment on the basis of his disability, in violation of NYCHRL.

137.    Defendants knew that their actions constituted unlawful discrimination and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

138.    Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to his reputation as a proximate result of Defendants' discriminatory practices, unless and until this Court grants the relief hereinafter described.

## ELEVENTH CLAIM FOR RELIEF
**(NYCHRL Retaliatory Discharge Against All Defendants)**

139.    Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

140.    By the acts and practices described above, Defendants retaliated against Plaintiff by terminating his employment because he requested a reasonable accommodation, in violation of NYCHRL.

141.    Defendants knew that their actions constituted unlawful retaliation and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

142.    Defendants engaged in a practice that would dissuade a reasonable employee from requesting a reasonable accommodation.

143.    Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to his reputation as a proximate result of Defendants' retaliatory practices, unless and until this Court grants the relief hereinafter described.

## TWELFTH CLAIM FOR RELIEF
### (Common Law Assault Against Defendant Choe)

144.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

145.    By the acts and practices described above, Defendant Choe voluntarily acted in a manner that he knew would put Plaintiff in apprehension of suffering a harmful or offensive bodily contact and/or intentionally put Plaintiff in apprehension of suffering a harmful or offensive bodily contact.

146.    Defendant Choe had the apparent ability to, and in fact did, cause a harmful or offensive bodily contact with Plaintiff.

147.    That through Defendant Choe's conduct, Plaintiff was, in fact, placed in apprehension of suffering a harmful or offensive bodily contact.

148.    Defendant Choe's conduct was willful and malicious, and he deliberately disregarded Plaintiff's protected rights.

149.    Plaintiff is now suffering mental anguish, pain, suffering, and monetary damages as a result of Defendant Choe's unlawful tortious conduct.

## THIRTEENTH CLAIM FOR RELIEF
### (Common Law Battery Against Defendant Choe)

150.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

151.    By the acts and practices described above, Defendant Choe intentionally caused a harmful or offensive bodily contact with Plaintiff's person.

152.    The contact caused by Defendant Choe was both subjectively offensive to Plaintiff and would be objectively offensive to a reasonable person in Plaintiff's position.

153.    Defendant Choe's conduct was willful and malicious, and he deliberately disregarded Plaintiff's protected rights.

154.    Plaintiff is now suffering mental anguish, pain, suffering, and monetary damages as a result of Defendant Blake's tortious conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Back Pay, Front Pay, and damages for all employment benefits Plaintiff would have received but for the discriminatory and retaliatory acts and practices of Defendants;

E. Compensatory, punitive, mental anguish, pain and suffering damages sustained as a result of Defendants' discriminatory and retaliatory conduct;

F. Plaintiff's costs and reasonable attorneys' fees; and

G. Any relief the Court deems just and proper.

Dated: December 14, 2015
　　　New York, New York

Respectfully submitted,

Alan Serrins (AS-4739)
Michael Taubenfeld (MT-4640)
SERRINS FISHER LLP
233 Broadway, Suite 2340
New York, New York 10279
Phone: (212) 571-0700
Facsimile: (212) 233-3801
*ATTORNEYS FOR PLAINTIFF*

EXHIBIT 1

## NOTICE OF INTENTION TO ENFORCE MEMBER LIABILITY FOR SERVICES RENDERED

TO:   JI SOO CHOE

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 609 of the Limited Liability Company Law of New York, you are hereby notified ALY ABDELSALAM, on behalf of himself and on behalf of all others similarly situated, intends to charge you and hold you personally liable as one of the ten largest shareholders of NEW DIAMOND CAFÉ LLC, for all debts, wages, and/or salaries due and owing to him as a laborer, servant and/or employee of the said limited liability company for services performed by him for the said limited liability company within the six (6) years preceding the date of this notice and has expressly authorized the undersigned, as their attorney, to make this demand on his behalf.

Dated: New York, New York
        December 14, 2015

SERRINS FISHER LLP

Michael Taubenfeld (MT-4640)
233 Broadway, Suite 2340
New York, New York 10279
Phone: (212) 571-0700
Facsimile: (212) 233-3801
*ATTORNEYS FOR PLAINTIFF*