UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALY ABDELSALAM, individually and on behalf of others similarly situated,

    Plaintiff,

-against-

NEW DIAMOND CAFÉ LLC, d/b/a/ DANNY'S GOURMET and JI SOO CHOE

    Defendants.

Case No.: 15-cv-9744 (RA)(AJP)

## SETTLEMENT AGREEMENT AND FULL AND FINAL RELEASE OF ALL CLAIMS

This Settlement Agreement and Full and Final Release of all Claims ("Agreement") is entered into as of this 1st day of June, 2016 by Plaintiff Aly Abdelsalam and Defendants New Diamond Café LLC d/b/a Danny's Gourmet and Ji Soo Choe (collectively, "Defendants")(Plaintiff and Defendants are the "Parties");

**WHEREAS**, Plaintiff commenced the within action (the "Action") asserting wage claims arising from and related to his employment by Defendants;

**WHEREAS**, Plaintiff asserted claims under the Fair Labor Standards Act;

**WHEREAS**, Plaintiff asserted claims under other statutes that are not subject this Agreement;

**WHEREAS**, the Parties have resolved Plaintiff's non-wage claims under other statutes via a separate agreement;

**WHEREAS**, Defendants deny the allegations and deny all liability;

1

WHEREAS the Parties are desirous of resolving the present litigation and dispute between them;

WHEREAS, it is expressly understood that Plaintiff and Defendants have entered into this Agreement solely for the purpose of avoiding further litigation and the cost of ongoing litigation; and

NOW THEREFORE, in consideration of the undertakings contained in this Agreement, and for other good and valuable consideration, it is hereby stipulated and agreed to by the Parties as follows:

1. **Payments**: No later than 10 days after the Court dismisses the Action against them, Defendants agree to make payments of $27,611.33 to Plaintiff ("Settlement Payments") in accordance with this Agreement:

    a. $18,408.47 shall be payable directly to Plaintiff, less lawful deductions, representing wages under the Fair Labor Standards Act. Defendants shall issue to Plaintiff an IRS W-2 form for this payment. Plaintiff agrees to provide all necessary forms duly executed to enable payment.

    b. $9,202.86 shall be payable directly to Plaintiff's counsel, Serrins Fisher LLP. Defendants shall issue to Plaintiff and his counsel an IRS 1099 Form for this payment. Plaintiff authorizes this payment of attorneys' fees and costs by his execution of this Agreement.

    c. The Settlement Payments shall be delivered to Plaintiff's counsel, Serrins Fisher LLP, Attn: Michael Taubenfeld, Esq., The Woolworth Building, 233 Broadway, Suite 2340, New York, NY 10279 on or before the date provided in Paragraph 1 above.

    d. All Defendants shall be jointly and severally liable for the payments required under this Agreement.

e.  In the event that the Settlement Payment required hereunder is not timely made, Plaintiff's counsel may issue a written Notice of Breach and send same to Defendants' counsel in accordance with paragraph 7 of this Agreement. Defendants shall thereafter have five (5) calendar days to cure the breach by paying the past due Settlement Payment. If Defendants fail to pay to cure the Notice of Breach within five (5) days of receipt, Plaintiff may make an application to the District Court of the Southern District of New York or any other court of competent jurisdiction for a judgment in accordance with this Agreement.

**2. Release of Claims:**

a.  Plaintiff waives all claims against Defendants and releases and forever discharges Defendants, their assigns, successors, attorneys, and agents to the fullest extent permitted by law from any and all liability for any claims, rights or damages of any kind, whether known or unknown to Plaintiff, that Plaintiff may have against Defendants as of the date of his execution of this Agreement related to or arising from Plaintiff's employment with Defendants for unpaid wages arising under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 15 *et seq.*, §§ 201 *et seq.*, §§ 216 *et seq.* (collectively, the "Release of Claims"). This Agreement is not intended to, and does not, release rights or claims that may arise after the date of Plaintiff's execution hereof including without limitation any rights or claims that Plaintiff may have to secure enforcement of the terms and conditions of this Agreement. Plaintiff further agrees to dismiss with prejudice any pending civil lawsuit or arbitration covered by this Release of Claims.

b.  Defendants agree to waive all claims against Plaintiff, his assigns, successors, attorneys, and agents and release and forever discharge Plaintiff, to the fullest extent permitted by law, from any and all liability for any claims, rights or damages of any kind, whether known

or unknown to Defendants, that Defendants may have against Plaintiff from the beginning of the world until the date of Defendants' execution of this Agreement.

### 3. Dismissal, No Future Lawsuits:

Plaintiff shall cause his attorney to execute a Stipulation of and Order of Dismissal, attached as Exhibit A, dismissing the Action in its entirety, with prejudice. Plaintiff shall also file any documents necessary to effectuate the dismissal of this lawsuit.

### 4. Breach:

In the event that any party to this Agreement commences an action, at law or in equity, or makes an application to the Court retaining jurisdiction over the Action to enforce any right under this provision of this Agreement, or to compel compliance with any provision of this Agreement, the Parties covenant and agree that the prevailing party in any such action shall be entitled to recover all reasonable attorneys' fees and costs incurred in connection with such action.

### 5. Integration Clause:

This Agreement constitutes the entire and only understanding and agreement among Plaintiff and Defendants respecting the subject matter of this action. All prior or contemporaneous understandings, discussions, agreements, writings of any kind and/or representations, whether oral or written, are expressly superseded by this Agreement. No party hereto is relying on any representations made by any other party regarding or related to this Agreement or the implications thereof.

### 6. Additional Clauses:

a.   This Agreement is the product of negotiation among the Parties and shall not be construed against any party as draftsman.

4

b.  This Agreement may not be amended, modified or waived, except by a writing signed by all Parties hereto. Waiver by any of the parties hereto of any breach hereunder by any other party shall not operate as a waiver of any other breach, whether similar to or different from the breach waived. No delay on the part of any of the parties in the exercise of any of their respective rights or remedies shall operate as a waiver thereof, and no single or partial exercise by any of the parties of any such right or remedy shall preclude other or further exercise thereof.

c.  This Agreement will be binding on and will inure to the benefit of the Parties and their respective agents, servants, employees, insurers, predecessors, successors, assigns, heirs and/or administrators, and any and all related, affiliated and subsidiary entities.

d.  This Agreement will be interpreted and otherwise governed under the laws of the State of New York.

e.  Should any provision of this Agreement be held invalid, illegal or unenforceable, it shall be deemed to be modified so that its purpose can lawfully be effectuated and the balance of this Agreement shall remain in full force and effect.

f.  The Parties hereby acknowledge and consent to the power and continuing jurisdiction of the United States District Court for the Southern District of New York to enforce the terms of this Agreement.

g.  This Agreement does not constitute an admission by Defendants of any wrongful action or violation of any federal, state or local statute, or common law rights, including those relating to the provisions of any law or statute concerning employment actions, or any other possible or claimed violation of law or rights. In fact, Defendants explicitly refute and deny any

and all claims of wrongdoing.

    h.    This Agreement is subject to approval by the Court.

## 7. Notices:

Any notice under this Agreement shall be sent by first class mail and email as follows:

    a.    If to Defendants, such notice shall be sent to Nathan Ferst, Esq., Law Office of Nathan M. Ferst, 450 Fashion Ave # 2701, New York, NY 10123, email: nmf@nathanmferst.com.

    b.    If to Plaintiff, such notice shall be sent to Michael Taubenfeld, Esq., Serrins Fisher LLP, 233 Broadway, Suite 2340 New York, NY 10279, email address: michael@serrinsfisher.com.

    c.    A party may change its address or email address for notices by providing notice to such effect in accordance with this Paragraph.

## 8. Counterparts:

This Agreement is effective when it has been fully-executed by all Parties. Electronic and facsimile signatures shall be deemed as originals. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original and which together shall constitute one and the same document.

THE UNDERSIGNED HAVE READ THE FOREGOING SETTLEMENT AGREEMENT AND GENERAL RELEASE, FULLY UNDERSTAND IT AND VOLUTARILY AGREE TO IT

Dated: 06-1-2016 By: _____
Aly Abdelsalam

STATE OF NEW YORK )
) SS:
COUNTY OF New York )

On the 1st day of June, 2016, before me personally came Aly Abdelsalam known to me to be the person described in and who executed the foregoing instrument and acknowledged that he executed same.

_____
Notary Public

IRIS A. RODRIGUEZ
Notary Public, State of New York
No. 01RO6047475
Qualified In ORANGE County
Commission Expires 8/28/2018

NEW DIAMOND CAFÉ LLC

Dated: 6/2/16 By: _____
_____, President

STATE OF NEW YORK )
) SS:
COUNTY OF NEW YORK )

On the 2nd day of June, 2016, before me personally came Ji Soo Choe known to me to be the person described in and who executed the foregoing instrument as a representative of NEW DIAMOND CAFÉ LLC, with authority to bind the company and acknowledged that he executed same.

_____
Notary Public

7

Dated: 6/2/16

By: /s/ *signature*
Ji Soo Choe

STATE OF NEW YORK   )
                    ) SS:
COUNTY OF NEW YORK  )

On the 2nd day of Jun, 2016, before me personally came Ji Soo Choe known to me to be the person described in and who executed the foregoing instrument and acknowledged that he executed same.

*signature*
Notary Public

8

# **EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALY ABDELSALAM, individually and on behalf of others similarly situated,

Plaintiff,

-against-

NEW DIAMOND CAFÉ LLC, d/b/a/ DANNY'S GOURMET and JI SOO CHOE

Defendants.

Case No.: Case No.: 15-cv-9744 (AJP)

**STIPULATION OF DISMISSAL**

**IT IS HEREBY STIPULATED** by and between Plaintiff ALY ABDELSALAM and appearing Defendants NEW DIAMOND CAFÉ LLC, d/b/a/ DANNY'S GOURMET and JI SOO CHOE (collectively, "Defendants"), that the above-captioned action is hereby dismissed with prejudice against all Defendants pursuant to a settlement agreement.

**IT IS FURTHER STIPULATED AND AGREED**, that the United State District Court, Southern District of New York, shall retain jurisdiction for purposes of enforcing the parties' settlement agreement.

**SERRINS FISHER LLP**

By: _____
Michael Taubenfeld, Esq.
233 Broadway, Suite 2340
New York, New York 10279
*Attorneys for Plaintiff*

**LAW OFFICES OF NATHAN M. FERST**

By: _____
Nathan Ferst, Esq.
450 Seventh Ave., Suite 2701
New York, NY 10123
*Attorneys for Defendants*

SO ORDERED:

_____
Hon. Andrew J. Peck, U.S.M.J.